IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JIMMY LEE ROLLINS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:15-CV-57 (WLS) |
| | : | |
| AARONS, INC., | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Before the Court is Defendant Aaron's, Inc.'s Motion to Dismiss. (Doc. 9.) For the following reasons, Defendant's Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## FACTUAL & PROCEDURAL BACKGROUND

On March 17, 2015, *pro se* Plaintiff Jimmy Lee Rollins filed his initial Complaint. (Doc. 1.) Along with Plaintiff's initial Complaint, Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis*. (Doc. 2.) On May 15, 2015, Defendant filed a Motion to Dismiss Plaintiff's initial Complaint. (Doc. 5.) On June 1, 2015, the Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and declared Defendant's Motion to Dismiss Plaintiff's initial Complaint moot. (Doc. 7.) The Court also ordered Plaintiff to amend his Complaint, pursuant to 28 U.S.C. § 1915(e)(2). On June 5, 2015, Plaintiff filed his Amended Complaint. (Doc. 8.) Plaintiff's Amended Complaint alleges that Defendant discriminated against him based on his race and retaliated against him in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*, and discriminated against him based on his disability in violation of American with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*[1] Thereafter, Defendant filed the

---

[1] The Court notes for the record that Plaintiff's Amended Complaint does not include a claim under the Genetic Information Non-Discrimination Act (GINA). While Plaintiff's initial Complaint included a GINA claim, since that claim is not stated in his Amended Complaint, the Court will not consider that claim. *Schreane v. Middlebrooks*, 522 Fed. App'x 845, 848 (11th Cir. 2013)("Moreover, we [the Eleventh Circuit] have

1

pending Motion to Dismiss Plaintiff's Amended Complaint. On July 17, 2015, as customarily done, the Court notified Plaintiff of Defendant's Motion to Dismiss and ordered him to respond. (Doc. 12.) On August 4, 2015, Plaintiff responded to Defendant's Motion to Dismiss in a document captioned as "Plaintiff Pretrial Brief". (Doc. 13.) On August 11, 2015, Defendant replied to Plaintiff's response. (Doc. 14.) The Court finds that the briefing period has now closed and Defendant's Motion to Dismiss is ripe for review.

## DISCUSSION

Defendant's Motion to Dismiss argues all three of Plaintiff's claims should be dismissed for failing to state a claim in accordance with Federal Rule of Civil Procedure 12(b)(6). (Doc. 8.) Defendant informs the Court that its current Motion to Dismiss incorporates arguments made in its initial Motion to Dismiss as it relates to Plaintiff's Title VII and ADA claims. (Docs. 5, 5-1.)

**I. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely just conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

The Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the Plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). In evaluating the sufficiency of a plaintiff's pleadings the Court

---

determined that an amended complaint supersedes the initial complaint unless the amended complaint 'specifically refers to or adopts' the initial complaint.")

must "make reasonable inferences in [p]laintiff's favor, 'but [is] not required to draw Plaintiff's inference.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012). The Supreme Court instructs that while on a Motion to Dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555, for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a complaint). In addition to considering the four corners of a complaint, a district court may also consider an extrinsic document only if it is central to a plaintiff's claim and its authenticity has not been challenged. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC.*, 600 F.3d 1334, 1337 (11th Cir. 2010).

**II. Analysis**

The Court finds that two out of three of Plaintiff's claims do not state a claim upon which relief can be granted. Plaintiff's contention that he was discriminated against as a result of his disability in violation of the ADA fails. To establish a *prima facie* case for discrimination, a plaintiff must show he: (1) is disabled or was perceived as disabled; (2) was a qualified individual at the relevant time, meaning he could perform essential functions of the job in question with or without reasonable accommodations; and (3) was discriminated against because of his disability. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015); *Lucas v. V.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001). (quotation omitted)(citation omitted). Plaintiff's Amended Complaint states that he was discriminated against as a result of "[d]isabilities that existed [*sic*] and getting hurt on the job which lead to bias of employment opportunities." (Doc. 8 at ¶ 6.) Aside from Plaintiff's statement, there is no additional information in his Amended Complaint further describing his disability. Such legal conclusions, without factual support, cannot sufficiently establish a claim for relief. *Twombly*, 550 U.S. at 555. Plaintiff does not specify for the Court how he was disabled, does not show he was a qualified individual at the relevant time, and does not provide the Court

3

with factual assertions as to when or how he was discriminated against because of a disability. As a result, Plaintiff's ADA claim is dismissed.

Plaintiff also failed to state a claim for relief as it relates to his retaliation claim. To establish a *prima facie* case for retaliation, a plaintiff must show: (1) he engaged in statutorily protected activity; (2) he suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the materially adverse action. *Howard v. Walgreen Co.*, 605 F.3d 1239, 1244 (11th Cir. 2010). Other than Plaintiff identifying "[r]etaliation of employer" as an act complained of in this suit, there are no other factual assertions made that could be construed as showing retaliation in violation of Title VII. (Doc. 8 at ¶ 4.) Although the Court acknowledges that Plaintiff is *pro se* and should not be held to the stringent pleading standard of a licensed attorney, that does not relieve him from providing any factual support for his claims other than a conclusory statement as here. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Given Plaintiff's failure to provide any factual support, his retaliation claim is also dismissed.

Unlike Plaintiff's ADA and retaliation claim, he does state a claim upon which relief can be granted for his race discrimination claim. To establish a *prima facie* case for race discrimination under Title VII, a plaintiff must show he: (1) is a member of a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) show that similarly situated employees outside of his protected class were treated more favorably. *Rice-Lamar v. City of Ft. Lauderdale*, 232 F.3d 836, 842 (11th Cir. 2000). While a Title VII complaint need not allege facts proving a classic *prima facie* case for race discrimination, the factual allegation must be enough to suggest intentional race discrimination. *Davis v. Coca-Cola Bottling, Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008).

Plaintiff provides adequate factual assertions within his Amended Complaint to support his race discrimination claim. Plaintiff identifies five white employees that he contends discriminated against him as a result of his race. (Doc. 8 at ¶ 8.) Plaintiff also asserts that throughout his employment it became evident that race was an issue with two employees, "Mark Tharpe, and Tim Marez." (*Id.*) Furthermore, Plaintiff alleges that he was terminated as a result of his race and replaced by a white man, named Eric. (*Id.*) Plaintiff contends that he was told that he was terminated and had his position replaced by a white male as a result of

his race by Justin Deas, identified as a supervisor. (*Id.*) Read as a whole, these factual assertions are enough to support Plaintiff's race discrimination claim at this juncture.

## CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss is **GRANTED-IN-PART** as it relates to Plaintiff's ADA and retaliation claims and **DENIED-IN-PART** as it relates to Plaintiff's race discrimination claim. Plaintiff's race discrimination claim is allowed to go forward.

**SO ORDERED**, this   27th   day of October, 2015.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**